FILED
2006 SEP 26 PM 4:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CV-06-CO-1932-W |
| S.T. BUNN CONSTRUCTION COMPANY, INC., and MARY WARD and ALISA ANN WARD, AS ADMINISTRATORS OF THE ESTATE OF TYRONE WARD, | ) ) ) ) ) |
| Defendants. | |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW United States Fire Insurance Company (hereinafter "U. S. Fire"), by and through its undersigned counsel, and files this Petition for Declaratory Judgment and alleges as follows:

1.      This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, brought to determine the rights, duties, status, and legal relations of the parties under the insurance policy described below.

2.      An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth the parties' respective rights and obligations under the said insurance policy is necessary and appropriate.

3.      Plaintiff U. S. Fire is a Delaware corporation, with its statutory home office in Wilmington, Delaware.

4.      Upon information and belief, Defendant Mary Ward, Administratrix of the Estate of Tyrone Ward, is an individual over the age of nineteen (19), and is a resident and citizen of the State

of Alabama. Upon information and belief, Defendant Alisa Ann Ward, Administratrix of the Estate of Tyrone Ward, is an individual over the age of nineteen (19), and is a resident and citizen of the State of Alabama. Upon information and belief, at all pertinent times, Tyrone Ward was an individual over the age of nineteen (19) and was a resident and citizen of the State of Alabama.

5.  Upon information and belief, Defendant S. T. Bunn Construction Company, Inc. (hereinafter "S. T. Bunn") is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Alabama.

6.  This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the controversy is between citizens of different states and, thus, there is complete diversity of citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.  Venue in this District is proper, pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District.

8.  In this action, U. S. Fire seeks a declaration of the parties' rights and liabilities, pursuant to a policy of insurance issued by U. S. Fire to S. T. Bunn with respect to coverage for the lawsuit styled Howard Ward and Mary Ward, as Administrators of the Estate of Tyrone Ward, Deceased, v. S. T. Bunn Construction Co., Inc., et al, Circuit Court of Greene County, Alabama, Civil Action No. 03-0052 ("the death suit").

9.  The complaint filed against S. T. Bunn in the death suit alleges that a vehicular accident occurred on January 22, 2002, which resulted in the death of Tyrone Ward. The complaint makes claim against S. T. Bunn for the death. Not until September 2006 was U. S. Fire given notice of the January 22, 2002 accident or death or of any claim made against S. T. Bunn.

10. On June 3, 2003, Mary Ward and Howard Ward, as Administrators of the Estate of

Tyrone Ward, filed the complaint in the death suit in the Circuit Court of Greene County, Alabama Civil Action No. 03-0052 against S. T. Bunn making claim for the alleged wrongful death of Tyrone Ward. On June 10, 2005, Mr. Ward was dismissed from the death suit. Not until September 2006 was U. S. Fire given notice of the June 2003 death suit.

11.  On August 15, 2003, S. T. Bunn was served with the death suit complaint. However, not until September 2006 was U. S. Fire notified that S. T. Bunn had been served in August 2003 with the death suit.

12.  On September 15, 2003, Ivey Gilmore entered an appearance as counsel on behalf of S. T. Bunn in the death suit by filing a motion to dismiss. Upon information and belief, attorney Gilmore was retained by S. T. Bunn's insurer, Cincinnati Insurance Company. Not until September 2006 was U. S. Fire notified of the September 2003 defense provided to S. T. Bunn by Cincinnati Insurance Company. Not until September 2006 was U. S. Fire given notice that attorneys Ivey Gilmore, John Owens, or Dennis Steverson were serving as defense counsel for S. T. Bunn in said death suit.

13.  On information and belief, written discovery and depositions in the death suit were ongoing for at least three years on and following September 2003. Not until September 2006 was U. S. Fire given notice of the defense actions and discovery ongoing in the case. Up through and including the date of this petition, U. S. Fire has not been allowed or provided full access to the discovery and defense provided to S. T. Bunn for the three years beginning in September 2003. During the three years that defense of the action was in progress, U. S. Fire was not consulted with respect to any defense decisions or defense strategy. U. S. Fire was not consulted with respect to the discovery and prosecution of the case by the attorneys representing the plaintiff in the death case.

Up through and including the date of this petition, U. S. Fire has not been allowed access to defense counsel reports or other information showing the conduct, strategy, discovery and/or prosecution of the attorneys representing the plaintiffs in the death suit. U. S. Fire has not been afforded an adequate opportunity to evaluate the liability and exposure presented to S. T. Bunn or to participate in defense decisions during the three years the death suit has been in progress.

14. On information and belief, in the summer of 2006, the plaintiff in the death suit and S. T. Bunn, or its insurer, Cincinnati Insurance Company, or defense counsel for S. T. Bunn, agreed to mediate the death suit. No notice was given to U. S. Fire of the decision by S. T. Bunn, its insurer, Cincinnati Insurance Company, or their counsel, with respect to the decision to enter into settlement negotiations through mediation.

15. On information and belief, on September 6, 2006, plaintiff's counsel in the death suit made written demand on S. T. Bunn and its insurer, Cincinnati Insurance Company, for settlement in the amount of $16,500,000. No notice was given to U. S. Fire of the September 6, 2006 written settlement demand of plaintiff.

16. On September 7, 2006, S. T. Bunn and its insurer participated in settlement negotiations with the plaintiff in the death suit in a mediation. On information and belief, settlement demands and offers were exchanged between the plaintiff in the death suit and S. T. Bunn, or its insurance carrier, Cincinnati Insurance Company, or their counsel. No notice was given to U. S. Fire of these settlement demand and offers exchanged in mediation. U. S. Fire was not allowed or provided the opportunity required by its policy to participate in defense decisions concerning settlement or to participate in defense strategy concerning mediation and settlement. The case did not resolve in mediation. U. S. Fire was not given notice of the failure of the attempted mediation.

17.     U. S. Fire's insurance policy issued to S. T. Bunn was in force for the policy period of April 20, 2001 to April 20, 2002. The policy number is 552-010317 3.

18.     Not until September 11, 2006 did U. S. Fire receive notice of the January 22, 2002 accident, of the January 22, 2002 death of Tyrone Ward, of the June 3, 2003 suit filed against S. T. Bunn, or of the August 15, 2003 service of the summons and complaint on S. T. Bunn. Notice was given to U. S. Fire of the accident, the death, and the suit through a letter dated September 8, 2006 from Cindy Belk at Duckworth-Morris Acordia. By September 11, 2006, the actual date notice was received by U. S. Fire, discovery had been completed in the case, court orders had been entered in the case, proceedings had been filed in the Alabama Supreme Court, S. T. Bunn had provided executed written discovery responses, affidavits had been filed, the case was set for trial in less than 36 days, substantial settlement negotiations had gone forward including offers and counteroffers from both sides, and a failed mediation had taken place. This was U.S. Fire's first notice of the 2002 accident, of the 2002 death of Mr. Ward, of the claims against S.T. Bunn, or of the 2003 death suit against S. T. Bunn.

19.     The U. S. Fire policy issued to S. T. Bunn provides:

G.      DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT

      1.      YOU [S. T. Bunn] must see to it that WE [U.S. Fire] receive prompt written notice of an occurrence, which may result in a claim. Notice should include:

           a.      How, when and where the occurrence took place;
           b.      The names and addresses of any injured persons and witnesses.
           c.      The nature and location of any injury or damage arising out of the occurrence.

      2.      If a claim is made or suit is brought against YOU [S. T. Bunn], YOU [S. T. Bunn] must see to it that WE [U. S. Fire] receive prompt

written notice of the claim or suit.

3. YOU [S. T. Bunn] and any other insured must:

a. Immediately send US [U. S. Fire] copies of any demands, notices, summons, or legal papers received in connection with the claim or suit;

b. Authorize US [U. S. Fire] to obtain records and other information;

c. Cooperate with US [U. S. Fire] in the investigation, settlement or defense of the claim or suit;

d. Assist US [U. S. Fire], upon OUR [U. S. Fire's] request, in the enforcement of any right against any person or organization, which may be liable to YOU [S. T. Bunn] because of injury or damage to which this policy may also apply;

4. YOU [S. T. Bunn] shall not make or authorize an admission of liability, attempt to settle, incur any expense, make any payment other than for first aid, or otherwise dispose of any claim or suit without OUR [U. S. Fire] written consent.

20. S. T. Bunn failed to comply with the conditions of the policy. S. T. Bunn failed to provide timely notice of the accident, death, claim, or suit. S. T. Bunn failed to cooperate. Further, S. T. Bunn engaged in mediation and settlement negotiations without notice to U.S. Fire and without U.S. Fire's written consent as specifically required under the policy.

22. U.S. Fire's policy further provides:

We shall not be called upon to assume charge of the investigation, settlement or defense of any claim made or suit brought against YOU [S. T. Bunn Construction Company], but WE [U. S. Fire] shall have the right and be given the opportunity to be associated in the defense and trial of any claims or suits relative to any occurrence which, in OUR [U.S. Fire's] opinion, may create liability on the part of US [U.S. Fire] under the terms of this policy.

23. U. S. Fire was not allowed the opportunity to be associated in the defense of the death case.

24. U. S. Fire avers that it does not owe coverage for S. T. Bunn under the policy in

question for the claims set out in the death suit; further that the facts and circumstances alleged in the aforesaid death suit are not within the terms of the policy; or that there was no occurrence within the policy period; that no covered damages were sustained by Mary Ward, as Administratrix of the Estate of Tyrone Ward, by Alisa Ann Ward, as Administratrix of the Estate of Tyrone Ward, or by S. T. Bunn during the policy period; or that said allegations in the aforesaid suit are within the terms of the exclusions of the policy; or that the conditions of the policy have not been met. Further, the policy requires S. T. Bunn to provide U. S. Fire timely notice of accidents, claims, suits, and timely notice of legal proceedings, including contemporaneous notice of ongoing defense efforts and ongoing prosecution by opposing parties. Because S. T. Bunn waited more than four and a half years to provide notice of the accident and death, and more than three years to provide notice of the suit and defense, U. S. Fire has been prejudiced by this significant delay, and has been prevented from exercising its contractual rights under its policy issued to S. T. Bunn. For these reasons, no policy benefits are provided for any defendant to this action, and no policy benefits are due to S. T. Bunn or by way of defense or indemnity of the aforesaid suit under the policy by U. S. Fire.

25.     A bona fide controversy exists between the parties as to their legal rights, status, and liabilities pursuant to said policies.

**WHEREFORE, PREMISES CONSIDERED**, U. S. Fire respectfully requests the following relief:

(1)     That this Court will take jurisdiction of this Petition;

(2)     That this Court will ORDER, ADJUDGE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(3)     That the process of this Court be issued to the defendants as provided by law and the rules of this Court and that the defendants be ordered to respond to this Petition for Declaratory Judgment within the time prescribed by law or, in the event of failure to do so, suffer a decree *pro confesso*;

(4)     That upon final hearing of this cause, this Honorable Court will declare the rights, status, and legal relations of U. S. Fire and the defendants named in this Petition under said policy of insurance issued by U. S. Fire; and

(5)     That upon a final hearing of this case, this Honorable Court will order, adjudge, declare, or decree that no coverage is afforded to the defendants under said policy for the claims brought by the aforesaid parties.

Dated this 26th day of September, 2006.

Respectfully submitted,

*/s/ Susan McCurry*
Carol Ann Smith, ASB-3485-T8fC
Susan McCurry, ASB-5544-G54S
Attorneys for Plaintiff,
United States Fire Insurance Company

**OF COUNSEL:**
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

**PLEASE SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL:**

S. T. Bunn Construction Company, Inc.
S. T. Bunn, Jr.
1904 University Blvd.
Tuscaloosa, AL 35401

Mary Ward
320 Tuscaloosa Street
Apartment C 3
Eutaw, AL 35062

Ms. Alisa Ann Ward
406 Cedar Street
Demopolis, AL 36732